United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

THEOPRIC BLOODSAW,

        Petitioner,

  vs.

SPEAKER, C.,

        Respondent.

                                    /

No. C 12-4235 PJH (PR)

**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

     This is a habeas case filed pro se by a state prisoner. In its initial review order the court noted that the claims in the petition appeared to relate to the conditions of petitioner's confinement, not the fact of his conviction or the length of it, and thus might not properly be raised in a habeas petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). The court also noted that petitioner's allegations did not meet the standard for pleading habeas claims. *See* Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; Rule 4 Advisory Committee Notes. The petition was dismissed with leave to amend. Petitioner has filed an amended petition.

      The claims in the amended petition are conclusory and difficult to understand, but most of them appear to still be civil rights claims not appropriate in a habeas case. And even if there are any claims that go to the fact of petitioner's confinement or the duration of it, petitioner has already had one habeas case directed to the same conviction. It was dismissed with prejudice as barred by the habeas statute of limitations. *See Bloodsaw v.*

1 *Woodford*, C 06-2929-GHK-E (C.D. Cal. Jan. 19, 2007) (order adopted report and recommendation and dismissing petition with prejudice). Because petitioner has not obtained permission from the court of appeals to file a second or successive petition, any habeas claims that might be discerned in the amended petition would be barred as second or successive. *See* 28 U.S.C. § 2244(b)(3)(A). In short, the petition must be dismissed.

## CONCLUSION

The petition is **DISMISSED** for the reasons set out above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 24, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\bloodsaw4235.dismiss.wpd

2